# SUPREME COURT.

James Buell agt. Joseph B. Gay and others.

The provisions of the Code relating to *costs*, cannot be so construed as to give to a plaintiff as many bills of costs as there may be defendants appearing by *different attorneys*.

Where there are several defendants, and the court, as it is authorized to do by the 274th section of the Code, renders judgment against one, and allows the

action to proceed against others, the plaintiff may be entitled to several bills of costs; but where the plaintiff recovers but *one judgment*, however numerous the defendants, or the defences, or issues, he can have but *one bill of costs*.

*It seems*, that the decision, adversely, in *Comstock* agt. *Halleck*, (4 *Sand*. 671,) cannot be sustained.

*Albany Special Term, July*, 1856.

MOTION for re-taxation of costs.

The action was upon a bond executed by Thomas A. Larned, deceased, and James Corning. The defendants were Joseph B. Gay and George Gould, administrators of the estate of Larned, with the will annexed, Mary Larned, a devisee under the will, and James Corning, one of the parties who executed the bond.

The defendants, Gay, Gould and Larned, each appeared by different attorneys, and each demurred to the complaint. Upon the hearing of the demurrers, judgment was rendered in favor of the defendant Mary Larned, with liberty to the plaintiff to amend his complaint, upon the payment of costs. Judgment was also rendered in favor of the plaintiff against the defendants Gay and Gould, with liberty to them to answer, on payment of costs. Upon the taxation of the costs, the plaintiff claimed to be allowed two separate bills against the defendants Gay and Gould, and the costs were so taxed and allowed: the one bill amounting to $106.37, and the other to $107.12. The defendants Gay and Gould moved that the costs be re-adjusted by striking out one of the bills allowed by the clerk

GILES B. KELLOGG, *for plaintiff*.
JEREMIAH ROMEYN, *for defendants*.

HARRIS, Justice. The Code allows to the plaintiff *for the trial of issues of law*, if separate from the trial of issues of fact, *fifteen dollars*. And yet, in this case, where there has been just such a trial, the clerk has allowed to the plaintiff *thirty dollars*. It allows to the plaintiff, when successful, a fee of *ten dollars* for every circuit or term at which the cause is neces-

sarily on the calendar, &c. Here the plaintiff has been allowed *twenty dollars* for every such circuit or term—and so of other services. The effect of such a rule of taxation would be to give to a plaintiff as many bills of costs as there might be defendants appearing by different attorneys. The provisions of the Code relating to costs, cannot be so construed as to produce this effect. Where there are several defendants, and the court, as it is authorized to do by the 274th section of the Code, renders judgment against one, and allows the action to proceed against others, the plaintiff may be entitled to several bills of costs; but where the plaintiff recovers but one judgment, however numerous the defendants, or the defences or issues, he can have but one bill of costs.

I am aware that in *Comstock* agt. *Halleck*, (4 *Sand.* 671,) where, as in this case, the plaintiff succeeded upon issues of law against defendants who appeared separately, it was held, by the superior court of New-York, that he might recover a separate bill of costs against each defendant. I have the highest respect for the decisions of that very learned court; but this decision, it seems to me, cannot be defended. It gives to the plaintiff what the law has not awarded to him. It declares, in effect, that he may recover the several fees allowed by the Code as costs, as many times over as there are distinct issues made by the pleadings. The language of the legislature cannot be made to bear this construction. It is declared by the 307th section of the Code, that when the plaintiff recovers costs at all, he shall be allowed a specified fee for *all proceedings* before *notice of trial*, and another for *all subsequent proceedings* before *trial*, and then still another fee for the trial of the issues of law, and another for the trial of issues of fact. No matter how numerous these proceedings or issues may be, but a single fee is allowed for each class of services. The plaintiff cannot, by means of anything the defendants may do, have these fees *doubled* or *trebled* in the same judgment.

The taxation of costs in this case, therefore, must be corrected by striking out altogether the bill for $106.37. No costs are to be allowed to either party upon this motion.